**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KIM M. MITCHELL,

    Plaintiff,

v.

PINBALL LIFE, INC., an Illinois Corporation

    Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Kim M. Mitchell (hereinafter "Plaintiff Mitchell"), by and through counsel, the Fischer Law Firm, P.C., and for his trademark infringement case against Defendant Pinball Life, Inc., an Illinois Corporation (hereinafter "Defendant Pinball"), states and avers as follows:

### I. THE PARTIES

1. Plaintiff Mitchell is a resident of the State of Colorado, residing at 4150 Baseline Road, Boulder, Colorado 80303.

2. Defendant Pinball is a Corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 11930 Oak Creek Parkway, Huntley, Illinois 60142.

### II. JURISDICTION AND VENUE

3. This is a Complaint for violations of §§ 32 and 43 of the Lanham Act, 15 U.S.C. §1114(1) (Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), 15 U.S.C. § 1125(c) (Dilution), and for other claims arising under Colorado state

law.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendant Pinball because Defendant Pinball has infringed Plaintiff Mitchell's federal trademark registration in this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred, and continue to occur, in this district.

### III. PLAINTIFF MITCHELL'S "DMD GLAREGUARD" TRADEMARK

7. Plaintiff Mitchell is, and at all times mentioned in this Complaint has been, engaged in the business of providing glare reflector panels, glare suppressant panels, and anti-glare panels for pinball machines under the name "DMD GlareGuard".

8. Plaintiff Mitchell's glare panels for pinball machines have been continuously used and/or sold under the "DMD GlareGuard" trademark beginning at least as early as October of 2007, and has achieved enormous success based on the quality of its goods.

9. Plaintiff Mitchell has expended large sums of money, resources, and time to establish the valuable business and goodwill in the use of its "DMD GlareGuard" trademark.

10. As a result of the success of Plaintiff Mitchell's "DMD GlareGuard" panels for pinball machines, Plaintiff Mitchell's customers and the public have come to identify the mark "DMD GlareGuard" with Plaintiff Mitchell's glare panels for pinball machines, and Plaintiff Mitchell enjoys significant goodwill throughout the general public.

11. Plaintiff Mitchell is the owner of the "DMD GlareGuard" trademark registered on the Principal Register of the United States Patent and Trademark Office for glare panels for

pinball machines as evidenced by Registration No. 4281022. Registration No. 4281022, issued on January 22, 2013, is valid and is in full force. A copy of Registration No. 4281022 is attached to this Complaint as Exhibit 1 and is incorporated herein by reference. *See*, **Exhibit 1**, Trademark Registration 4281022.

12. The foregoing registration constitutes conclusive evidence of the validity of the mark and registration, and of Plaintiff Mitchell's exclusive, nationwide right to use the "DMD GlareGuard" trademark in connection with the goods set forth in the registration. The registration also provides constructive notice of Plaintiff Mitchell's ownership of the "DMD GlareGuard" trademark.

## IV. DEFENDANT PINBALL'S UNLAWFUL CONDUCT

13. Plaintiff Mitchell is informed and believes, and thereon alleges, that after Plaintiff Mitchell began using the "DMD GlareGuard" trademark in connection with its glare panels for pinball machines, and after Plaintiff Mitchell acquired the federal trademark registration for the "DMD GlareGuard" trademark in connection with glare panels for pinball machines, that Defendant Pinball improperly began utilizing Plaintiff Mitchell's "DMD GlareGuard" trademark by selling the same or similar glare panels for pinball machines.

14. Defendant Pinball is further utilizing Plaintiff Mitchell's "DMD GlareGuard" trademark in internet advertising.

15. Plaintiff Mitchell has informed Defendant Pinball that Plaintiff Mitchell owns the exclusive right to use the "DMD GlareGuard" trademark for glare panels for pinball machines.

16. Defendant Pinball's use of Plaintiff Mitchell's "DMD GlareGuard" trademark is likely to cause confusion among customers, and, in fact, has caused actual confusion.

17. Despite Plaintiff Mitchell's demands that Defendant Pinball cease all use of

Plaintiff Mitchell's "DMD GlareGuard" trademark in connection with Defendant Pinball's glare panels for pinball machines, Plaintiff Mitchell is informed and believes, and thereon alleges, that Defendant Pinball has intentionally failed to stop using Plaintiff Mitchell's trademark.

## V.   CLAIMS

### First Cause of Action Against Defendant Pinball

### (Trademark Infringement, 15 U.S.C. § 1114 (Lanham Act § 32))

18. Plaintiff Mitchell incorporates herein by reference each of the allegations set forth above as though fully set forth herein.

19. Defendant Pinball's use in commerce of Plaintiff Mitchell's "DMD GlareGuard" trademark has caused, and is likely to continue to cause, confusion with respect to the source and origin of Plaintiff Mitchell's goods, and has caused, and is likely to continue to cause, confusion or mistake, and to deceive consumers as to the affiliation, connection, or association of Plaintiff Mitchell with Defendant Pinball.

20. On January 22, 2013, Plaintiff Mitchell obtained the federal registration for its "DMD GlareGuard" trademark with the United States Patent and Trademark Office. Pursuant to this Certificate of Registration, Plaintiff Mitchell owns the exclusive right to use the "DMD GlareGuard" trademark for glare panels for pinball machines throughout the United States.

21. Defendant Pinball's acts constitute infringement of Plaintiff Mitchell's "DMD GlareGuard" trademark in violation of Plaintiff Mitchell's rights under 15 U.S.C. § 1114 (Lanham Act § 32) and at common law.

22. As a direct and proximate result of Defendant Pinball's wrongful acts, Plaintiff Mitchell has suffered, and continues to suffer, damage to its business reputation and goodwill.

23. Defendant Mitchell will continue, unless restrained, to use the "DMD

GlareGuard" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff Mitchell.

24. Plaintiff Mitchell has no adequate remedy at law, and is entitled to an injunction restraining Defendant Pinball, its representatives, agents, and employees, and all persons acting in concert with Defendant Pinball, from engaging in further acts of trademark infringement.

25. Plaintiff Mitchell is further entitled to recover from Defendant Pinball, Plaintiff Mitchell's actual damages sustained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant Mitchell's acts of trademark infringement.

26. Plaintiff Mitchell is further entitled to recover from Defendant Pinball the gains, profits, and advantages that Defendant Pinball has obtained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the gains, profits and advantages Defendant Pinball has realized by reason of Defendant Pinball's acts of trademark infringement.

27. Upon information and belief, Defendant Pinball's acts of infringement have been willful and deliberate. Because of the willful nature of Defendant Pinball's wrongful acts, Plaintiff Mitchell is entitled to an award of treble damages under 15 U.S.C. § 1117.

28. Plaintiff Mitchell is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## Second Cause of Action Against Defendant Pinball

### (False Designation of Origin, 15 U.S.C. § 1125(a) (Lanham Act§ 43(a))

29. Plaintiff Mitchell incorporates herein by reference each of the allegations set forth above as though fully set forth herein.

30. Defendant Pinball's actions constitute false designation of origin in violation of 15 U.S.C. § 1125(a)).

31. As a direct and proximate result of Defendant Pinball's wrongful acts, Plaintiff Mitchell has suffered, and continues to suffer, damage to its business reputation and goodwill.

32. Defendant Pinball will continue, unless restrained, to use the "DMD GlareGuard" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff Mitchell.

33. Plaintiff Mitchell has no adequate remedy at law, and is entitled to an injunction restraining Defendant Pinball, its representatives, agents, and employees, and all persons acting in concert with Defendant Pinball, from engaging in further acts of false designation of origin.

34. Plaintiff Mitchell is further entitled to recover from Defendant Pinball its actual damages sustained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant Pinball's acts of false designation of origin.

35. Plaintiff Mitchell is further entitled to recover from Defendant Pinball the gains, profits, and advantages that Defendant Pinball has obtained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the gains, profits, and advantages Defendant Pinball has realized by reason of its acts of false designation or origin.

36. Upon information and belief, Defendant Pinball's acts of infringement have been willful and deliberate. Because of the willful nature of Defendant Pinball's wrongful acts, Plaintiff Mitchell is entitled to an award of treble damages under 15 U.S.C. § 1117.

37. Plaintiff Mitchell is also entitled to recover its attorneys' fees and costs of suit

pursuant to 15 U.S.C. § 1117.

## Third Cause of Action Against Defendant Pinball
### (Dilution, 15 U.S.C. §1125(c) and §1127, Lanham Act§ 43(c))

38. Plaintiff Mitchell incorporates herein by reference each of the allegations set forth above as though fully set forth herein.

39. The "DMD GlareGuard" trademark is inherently distinctive and has acquired distinction from other marks through Plaintiff Mitchell's long and continuous use of the "DMD GlareGuard" trademark, the geographical scope and extent of Plaintiff Mitchell's advertising and sales, the media publicity and exposure of the "DMD GlareGuard" trademark, and its consumer recognition.

40. The "DMD GlareGuard" trademark is famous and distinctive, and at a minimum, is famous within the pinball industry.

41. Defendant Pinball's activities complained of in this Complaint constitute unauthorized use in commerce of the "DMD GlareGuard" trademark.

42. On information and belief, Defendant Pinball's activities were conducted with full recognition of Plaintiff Mitchell's use of the "DMD GlareGuard" trademark, and were commenced after the "DMD GlareGuard" trademark had become famous.

43. Such activities have caused, and will continue to cause, dilution of the distinctive quality of the "DMD GlareGuard" trademark by lessening the capacity to identify and distinguish Plaintiff Mitchell's glare panels for pinball machines, and by tarnishing Plaintiff Mitchell's glare panels for pinball machines, to the damage and harm of Plaintiff Mitchell, its customers, and the public, in violation of the 15 U.S.C. §1125(c).

44. As a direct and proximate result of Defendant Pinball's wrongful acts, Plaintiff

Mitchell has suffered, and continues to suffer, dilution of its "DMD GlareGuard" trademark.

45. Defendant Pinball will continue, unless restrained, to use the "DMD GlareGuard" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff Mitchell.

46. Plaintiff Mitchell has no adequate remedy at law, and is entitled to an injunction restraining Defendant Pinball, its representatives, agents, and employees, and all persons acting in concert with Defendant Pinball, from engaging in further acts of dilution.

47. Plaintiff Mitchell is informed and believes, and thereon alleges, that Defendant Pinball committed the acts alleged above: (1) with previous knowledge of Plaintiff Mitchell's prior use of the "DMD GlareGuard" trademark; (ii) with the willful intent to trade on Plaintiff Mitchell's goodwill and reputation; and (iii) with the willful intent to cause dilution of the "DMD GlareGuard" trademark. Because of the willful nature of Defendant Pinball's wrongful acts, Plaintiff Mitchell is entitled to an award of treble damages under 15 U.S.C. § 1117.

48. Plaintiff Mitchell is further entitled to recover from Defendant Pinball its actual damages sustained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant Pinball's acts of dilution.

49. Plaintiff Mitchell is further entitled to recover from Defendant Pinball the gains, profits, and advantages that Defendant Pinball has obtained as a result of Defendant Pinball's wrongful acts. Plaintiff Mitchell is presently unable to ascertain the full extent of the gains, profits, and advantages Defendant Pinball has realized by reason of Defendant Pinball's acts of dilution.

50. Plaintiff Mitchell is also entitled to recover its attorneys' fees and costs of suit

pursuant to § 1117.

## Fourth Cause of Action Against Defendant Pinball

### (Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 et. seq.)

51. Plaintiff Mitchell incorporates herein by reference each of the allegations set forth above as though fully set forth herein.

52. The State of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws, and Defendant Pinball's practices significantly impact the public as actual or potential consumers of Defendant Pinball's and Plaintiff Mitchell's goods.

53. Upon information and belief, the conduct complained of herein is a deceptive trade practice, inter alia, in that Defendant Pinball knowingly made false representations as to the source, sponsorship, approval, or certification of services; and knowingly make false representations as to affiliation, connection, or association with, or certification, by another.

54. Upon information and belief, the conduct of Defendant Pinball described herein occurred, and is occurring, in the course of Defendant Pinball's business, vocation, or occupation, and is part of a pattern, or generalized course, of conduct.

55. Upon information and belief, Defendant Pinball engaged, and continues to engage, in these activities knowingly, willfully, and deliberately.

56. Plaintiff Mitchell has been directly and proximately injured in its business and property by the Defendant Pinball's conduct complained of herein, in violation of Plaintiff Mitchell's rights under C.R.S. § 6-1-105.

57. Defendant Pinball's violations of C.R.S. § 6-1-105 has caused Plaintiff Mitchell to sustain monetary damages, loss, and injury, in an amount to be determined at the time of trial.

58. In addition, pursuant to C.R.S. § 6-1-113, Plaintiff Mitchell is entitled to treble damages, attorneys' fees and costs of suit, all in amounts to be determined in accordance with the proof at trial.

59. Defendant Pinball's violations of C.R.S. § 6-1-105, unless enjoined by this Court, will continue to cause Plaintiff Mitchell to sustain irreparable damage, loss, and injury, for which Plaintiff Mitchell has no adequate remedy at law.

## VI. JURY DEMAND

60. Plaintiff Mitchell hereby demands a trial by jury on all triable issues.

## VII. PRAYER

WHEREFORE, Plaintiff Mitchell respectfully prays that:

1. Defendant Pinball be held to have infringed Plaintiff Mitchell's "DMD GlareGuard" trademark, to have engaged in unfair competition, and to have diluted the distinctive quality of the "DMD GlareGuard" trademark;

2. Defendant Pinball, and its representatives, agents, and employees, and all holding by, through, or under Defendant Pinball, or in active concert or participation with Defendant Pinball, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

   a. promoting, advertising, publicizing, or offering for sale any glare panels for pinball machines using the "DMD GlareGuard" trademark, or any other mark, name, symbol, or logo that incorporates, or that is confusingly similar or substantially similar to, the "DMD GlareGuard" trademark;

   b. promoting, advertising, publicizing, or offering for sale any glare panels for pinball machines using the "DMD GlareGuard" trademark, or any other mark, name,

symbol, or logo that incorporates the "DMD GlareGuard" trademark, or that is likely to cause confusion, or to cause mistake, or to deceive persons into the belief that Defendant Pinball's goods originate from Plaintiff Mitchell, that Defendant Pinball or its goods are authorized by Plaintiff Mitchell, endorsed by Plaintiff Mitchell, sponsored or licensed by Plaintiff Mitchell, or connected in some way with Plaintiff Mitchell or its trademarks;

   c. using false designations of origin, or engaging in any act, or series of acts, that, either alone or in combination, constitutes unfair methods of competition with Plaintiff Mitchell, and from otherwise interfering with, or injuring, the "DMD GlareGuard" trademark or the goodwill associated therewith;

   d. doing any other act or thing likely to diminish or debilitate the selling power of or to otherwise dilute the distinctive quality of, Plaintiff Mitchell's "DMD GlareGuard" trademark, or to injure the business reputation of Plaintiff Mitchell's "DMD GlareGuard" trademark.

  3. Defendant Pinball be required to deliver up for destruction all products, advertisements, promotional materials, business cards, stationary, or other materials in Defendant Pinball's custody, possession, or control bearing the "DMD GlareGuard" trademark, or any other trademarks, names, or logos that are confusingly similar or substantially similar to the "DMD GlareGuard" trademark;

  4. Defendant Pinball be required to pay to Plaintiff Mitchell all damages Plaintiff Mitchell has suffered by reason of Defendant Pinball's use of Plaintiff Mitchell's "DMD GlareGuard" mark;

  5. Defendant Pinball be required to account for, and to pay to Plaintiff Mitchell, all profits wrongfully derived by Defendant Pinball through Defendant Pinball's use of Plaintiff

Mitchell's "DMD GlareGuard" trademark;

6. Defendant Pinball be required to pay to Plaintiff Mitchell three times Defendant Pinball's profits or Plaintiff Mitchell's damages, whichever is greater, as a result of Defendant Pinball's deliberate and willful conduct;

7. Defendant Pinball be required to pay to Plaintiff Mitchell's costs of suit and Plaintiff Mitchell's reasonable attorneys' fees and disbursements incurred herein;

8. An award of prejudgment and post-judgment interest;

9. Such other and further relief to which Plaintiff Mitchell may be entitled.

Dated this 5th day of July, 2013.

Respectfully submitted,

FISCHER LAW FIRM, P.C.

S/ Ronnie Fischer
*Original signature on file*
Ronnie Fischer, # 35260
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Fax: (303) 756-2506
Attorney for Plaintiff Mitchell